## Staunton.

### SOUTHERN RAILWAY CO. v. MAY E. SMITH.

#### SEPTEMBER 23, 1897.

1. RAILROADS—*Personal Injuries—Standing on Platform at Station.*—A passenger who has been informed by the employees of a railroad company in charge of the train on which she is travelling that the train will stop at a certain station fifteen minutes, is not guilty of negligence in going upon the platform of the coach immediately after arriving at that station, for the purpose of greeting a friend and bringing her into the coach, and, if thereby injured in consequence of the negligence of the company's servants, may recover damages of the company therefor.

2. EXCESSIVE VERDICT.—The verdict of a jury, in an action for personal injuries, will not be disturbed as excessive, when there is nothing to warrant the belief that they were influenced by partiality or prejudice, or were misled by some mistaken view of the merits of the case.

Error to a judgment of the Circuit Court of Albemarle county rendered May 15, 1896, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Charles M. Blackford,* for the plaintiff in error.

*Duke & Duke* and *Jeffries & White,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

This action was brought by Miss May E. Smith to recover damages for injuries sustained by her while a passenger on the railway of the defendant company. It appears that the plaintiff bought her ticket at Lynchburg, and started on a regular passenger train of the defendant company for her home, in Rappahannock county; that she had an appointment to meet a lady friend at Charlottesville, and, before reaching that point, enquired of an official of the train how long they would wait there, and was informed that the train would stop there ten or fifteen minutes; that when the train had come to a full stop at Charlottesville, and while the passengers were in the act of alighting, the plaintiff, who was occupying the rear coach, stepped to the rear platform to meet her friend and bring her into the car; that just as she stepped upon the platform, and while in the act of greeting her friend, the train started with a sudden and violent jerk that caused it to run forward two-thirds the length of a coach, threw passengers down in the car, and precipitated both the plaintiff and her friend headlong from the platform to the ground.

Upon these facts the defendant company moved the court to give the following instruction:

"The court instructs the jury that platforms of passenger cars are provided by the railroad company for the convenience of passengers in getting on and off trains, and not for the use of passengers for standing and greeting friends, and therefore, if the jury believes from the evidence that the plaintiff, at the time of the accident of which complaint is made in this suit, was not in the act of either getting on or off of the train, and was standing on the platform in the act of greeting her friend, and that while so standing, was thrown off by a sudden start forward of said train and thus injured, then the jury must find for the defendant, even if it believes that the sudden jerk re-

sulted from negligence on the part of the employees of the defendant."

This instruction the court refused to give, and in lieu thereof, on motion of the plaintiff, gave the following:

"The court instructs the jury that a passenger upon a railroad train, after said train has stopped at the regular station, has a right to go upon the platform of said coach in which said passenger may be, and within the time allowed by the rules of the company for the stopping of said train at said station, so that said passenger, being upon said platform, does not interfere with the proper management of said train, or with passengers alighting therefrom or getting thereon, and that it is not *per se* negligence so to do, and that the mere fact of a passenger being upon the platform of a coach under such circumstances does not constitute negligence upon the part of said passenger.

"The court instructs the jury that, if they believe from the evidence that the defendant company, through their agents, employees and servants, whilst the train of said company was at the depot, in the act of discharging passengers, negligently and violently started its train from a standstill, without notice or warning to its passengers, the said company is responsible for all injury resulting to a passenger from their act.

"If the jury believe from the evidence that the defendant company had stopped its train at the Union Station in Charlottesville on occasion of the accident complained of in the plaintiff's declaration, and that passengers were in the act of leaving said train, or were standing up in and upon the said train, that it was negligence in the said company, its agents, or employees to start or run said train without giving fair and ample notice to said passengers of its intention so to do, and any passenger injured by the said act of said company is entitled to recover damages for such negligence, and if the jury believes from the evidence that the plaintiff was a passenger at the time, and not in fault, she is entitled to recover.

"The court instructs the jury that, if they believe from the evidence that the defendant was guilty of negligence upon the occasion mentioned in the plaintiff's declaration, and that as a result of that negligence the said plaintiff was injured, they can take into consideration not only the bodily pain and suffering of the plaintiff, and the expenses she has been put to, but in addition may allow such damages as may reasonably seem to them fit, for the mental suffering and nervous shock which has resulted or may result from the said negligent act of said defendant."

This action of the court in refusing the instruction asked for by the defendant, and in giving the instructions asked for by the plaintiff constitutes the first assignment of error.

The negligence of the company is conceded, and the instruction asked by the defendant raises the question whether or not the act of the plaintiff was such contributory negligence as to defeat her right to recover.

It is true, as contended on behalf of the defendant, that the platform of a car is not made as a place for friends to embrace each other; but when inquiry has been made, and a passenger is lulled into security by the information that a train will stop fifteen minutes at a given station, and the train does stop, and passengers are invited to alight, and are in the act of alighting, under such circumstances a passenger is not guilty of negligence who goes temporarily upon the platform for the purpose of greeting a friend and bringing her into the car.

There is no evidence tending to show contributory negligence on the part of the plaintiff, and therefore the instruction asked for by the defendant was properly refused.

It is not necessary to consider the instructions given by the court in detail.   It is sufficient to say that, taken as a whole, the plaintiff being free from fault, they could not possibly prejudice the defendant company.

Upon well settled principles this court cannot disturb the verdict of the jury upon the ground that it is excessive, there

being nothing to warrant the belief that they were influenced by partiality or prejudice, or were misled by some mistaken view of the merits of the case. *Norfolk & W. R. Co.* v. *Shott*, 92 Va. 34.

The judgment of the lower court must be affirmed.

*Affirmed.*